JOURNAL ENTRY AND OPINION
The appellant, Freddie Juhan Jr., appeals the decision of the trial court finding him guilty of the charge of robbery, a felony of the second degree, and sentencing him to six years at the Lorain County Correctional Institute. For the reasons set forth below, we affirm the decision of the trial court.
The facts as presented at trial indicated that on October 20, 1999, the appellant picked up Richard M. Proctor shortly after Mr. Proctor had finished work. After the men made two stops, one for beer and one for gas, the appellant drove to his mother's [Ms. Juhan] home to obtain some money. The appellant parked his car two houses down from his mother's home, and then proceeded to walk to her home. The appellant parked away from his mother's house because earlier in the day his mother had told him that the police had been by looking for him. This was actually a lie told to him by his mother in order to keep the appellant away from her house. Mr. Proctor remained in the appellant's vehicle while the appellant was inside his mother's home. Mr. Proctor testified that the appellant was inside the home for at least forty-five minutes to an hour.
The testimony of Ms. Juhan's friend, Mr. Johnson, who was present in her home when the appellant arrived, revealed that the appellant asked his mother for money in a hostile tone. During the trial, Ms. Juhan denied any hostile conversation with her son. At some point, the appellant went upstairs and allegedly took two of the telephones with him so that neither his mother nor Mr. Johnson could call the police. After asking his mother to give him money, the appellant walked outside and drove his car to the front of his mother's home. Mr. Johnson testified that Ms. Juhan was planning to have the appellant drive to the automatic teller machine (ATM) at the Giant Eagle grocery store because a police officer is present in the store at all times.
Mr. Johnson and Ms. Juhan walked out of the house and got into the back seat of the appellant's vehicle at which point the appellant proceeded to drive to an ATM machine in Forest Hills. Mr. Proctor testified that Ms. Juhan wanted the appellant to take her to Giant Eagle rather than to the ATM in Forest Hills because she said that she wanted to do some grocery shopping. He further testified that Ms. Juhan opened the back door, threatening to get out, at which time the appellant drove to the Giant Eagle in South Euclid.
When the appellant pulled up to Giant Eagle, he parked in the fire lane right next to the front door to the supermarket. At that point, Ms. Juhan and Mr. Johnson exited the vehicle and proceeded into the store. Seconds after Ms. Juhan and Mr. Johnson exited the vehicle, the appellant also got out and followed them inside the grocery store.
Officer Toarmina, an off-duty police officer working part-time as security for Giant Eagle, testified that, at the point where Ms. Juhan and Mr. Johnson were entering the store, Ms. Juhan approached him in an excited state and said that she was being robbed. Ms. Juhan also indicated that her son was holding her against her will. After Ms. Juhan's statement, the appellant entered the store and told the officer that she [Ms. Juhan] doesn't know what she's talking about and that she was on medication. The officer further testified that Ms. Juhan had stated earlier that she believed the appellant had a gun.
Officer Toarmina called for back-up, the appellant was arrested and Ms. Juhan was taken to the police station to fill out a report about the incident. While en route to the police station, Ms. Juhan told another officer that her son had tried to rob her.
At trial, Ms. Juhan disavowed any written statement that she had made that night stating that she was on medication for her many problems and, therefore, was not aware of what had occurred. She further testified that the appellant did not rob her and that he did not force her to give him money. On the date of trial, the trial judge examined Ms. Juhan and found her to be taking the same medication while on the witness stand as she had taken on the night in question.
At the conclusion of the trial, the jury found the appellant guilty of robbery, in violation of Revised Code 2911.02, as charged in the indictment. The appellant appeals the verdict and asserts the following sole assignment of error:
 I. APPELLANT'S CONVICTION FOR ROBBERY MUST BE REVERSED BECAUSE IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The appellant maintains that the evidence presented by the state does not justify his conviction because the alleged victim, the appellant's mother, testified in court that the appellant did not rob her and that he did not threaten her with force.
The state, however, maintains that through testimony of the other witnesses, they presented sufficient evidence to prove the elements of robbery to the satisfaction of the jury.
The issue presented concerns whether or not the appellant's conviction is against the manifest weight of the evidence presented at trial.
In State v. Martin (1983), 20 Ohio App.3d 172, the court stated:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving the conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
Additionally, the Supreme Court of Ohio in State v. Thompkins (1997),78 Ohio St.3d 380, stated:
 Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicated clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the amount of credible evidence sustains the issue which is to be established before them.
Further, in Tibbs v. Florida (1982), 457 U.S. 31, the United States Supreme Court stated:
 A reversal based on the weight of the evidence, moreover, can occur only after the State both has presented sufficient evidence to support conviction and has persuaded the jury to convict.
In this case, the State assumed the burden to prove the appellant's guilt beyond a reasonable doubt on the charge of robbery which contained a repeat offender specification and two notices of prior convictions.
Upon review of the evidence, this court determines that the State presented sufficient evidence to prove the elements of the offense. The court heard the testimony of Mr. Johnson, Ms. Juhan's friend, that while the appellant continuously requested money from his mother, she appeared frightened, and that the appellant was making his requests in a very aggressive tone. He further testified that the appellant indicated that if he didn't get the money, somebody was gonna get hurt. After the incident at Giant Eagle, Mr. Johnson asked Ms. Juhan why it was that she wanted to go to the Giant Eagle. She stated that she knew that if she went to Giant Eagle, she could get help so she would not be robbed.
The state further presented evidence from Police Officer Patrick Taormina, the off-duty officer working security at Giant Eagle Supermarket in South Euclid. The officer testified that Ms. Juhan walked through the entrance door, immediately approached him and said that she was being robbed and that her son was holding her against her will.
The state elicited further testimony from Officer Chris Eugene Khoenle, the officer transporting Ms. Juhan, who stated that she told me that her son had brought her up there to actually, not up to that specific location, but that her son wanted her to retrieve some money out of the ATM machine. The officer also testified that Ms. Juhan told her that she came up to Giant Eagle in specific due to the fact that she had knowledge that we have an officer working there as a security officer.
When Ms. Juhan took the stand, she testified during trial that the statement she made on the date of the incident was not correct and that she was not really aware of the actual incident because she was under medication and only vaguely remembered making the statement. Upon seeing her own written statement, she wasn't sure that it was hers, and she never remembered signing the statement. The trial court and the state further discovered during cross-examination that Ms. Juhan was on the same medication while on the witness stand as she was on the evening in question.
Even with the inconsistent testimony of the victim, Ms. Juhan, there was sufficient evidence presented to satisfy the elements necessary to warrant a conviction of Robbery under R.C. 2911.02. Therefore, the appellant's conviction was not against the manifest weight of the evidence. Appellant's sole assignment of error is without merit.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________ FRANK D. CELEBREZZE, JR. JUDGE.
MICHAEL J. CORRIGAN, P.J., AND PATRICIA A. BLACKMON, J., CONCUR.